**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| **U.S. EQUAL EMPLOYMENT**<br>**OPPORTUNITY COMMISSION,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **COMPLAINT** |
| | ) | |
| **v.** | ) | **JURY TRIAL DEMAND** |
| | ) | |
| **SURFSIDE REALTY CO., INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.*, ("ADEA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of age, and to provide appropriate relief to Donna Logan ("Logan"), who was adversely affected by such practices. Specifically, as alleged with greater particularity below, Plaintiff U.S. Equal Employment Opportunity Commission ("Commission" or "EEOC") alleges that Defendant Surfside Realty Co., Inc. ("Defendant") discriminated against Logan by terminating Logan because of her age in violation of the ADEA.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 7(b) of the ADEA, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 216(c) and 217, (the "FLSA").

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of South Carolina. This lawsuit is being filed in the Florence Division because all or a substantial part of the events or omissions giving rise to the claims alleged in this suit occurred within the Florence Division.

PARTIES

3. The Commission is the agency of the United States of America charged with the administration, interpretation, and enforcement of the ADEA. The Commission is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant, a South Carolina corporation, has continuously been doing business in the State of South Carolina and the Town of Surfside Beach, and has continuously had at least twenty (20) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

CONDITIONS PRECEDENT

6. More than thirty days prior to the institution of this lawsuit, Logan filed a charge with the Commission alleging violations of the ADEA by Defendant.

7. On August 17, 2020, the Commission issued to Defendant a Determination letter finding reasonable cause to believe that the ADEA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

8.     The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Determination.

9.     The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10.     On September 16, 2020, the Commission issued to Defendant a Notice of Failure of Conciliation.

11.     All conditions precedent to the initiation of this lawsuit have been fulfilled.

<u>STATEMENT OF CLAIMS</u>

12.     Since at least or around May 17, 2019, Defendant engaged in unlawful employment practices at its Surfside Beach, South Carolina facility in violation of the ADEA, 29 U.S.C. § 623(a)(1), as more fully described below.

13.     Logan was born in 1938.

14.     On or around March 10, 1994, Defendant hired Logan to work at its Surfside Beach, South Carolina facility.

15.     Logan was employed by Defendant in excess of twenty-five (25) years. Throughout her employment with Defendant, Logan held the position of Community Association Manager.

16.     Defendant did not counsel or discipline Logan in writing during her employment with Defendant.

17.     Defendant did not verbally counsel, discipline, or warn Logan about performance issues during her employment with Defendant.

18.     During Logan's employment with Defendant, Defendant's Owner frequently commended Logan for her work.

19.   For approximately five (5) years leading up to Defendant's termination of Logan's employment, Defendant's Owner asked Logan several times a year if she had considered retiring. Logan repeatedly informed Defendant's Owner that she planned to work so long as she was able to do so and that she needed the income.

20.   In or around June 2018, Defendant's Owner told Logan the company would be issuing a new company handbook that included a mandatory retirement age.

21.   Approximately two (2) months prior to Defendant's discharge of Logan, Defendant's Owner inquired about Logan's retirement plans. Logan confirmed her intent to continue her employment with Defendant.

22.   Defendant discharged Logan on or around May 17, 2019.

23.   On or around May 17, 2019, Defendant sent an email to one or more clients announcing Logan's "retirement" and commending Logan for a "stellar career."

24.   At the time Defendant discharged Logan, Logan was eighty-one (81) years old.

25.   Upon information and belief, in the period following Defendant's discharge of Logan, Defendant's Owner told at least one client that Logan was discharged because of her age.

26.   The individual hired to replace Logan is approximately thirty-six (36) years younger than Logan.

27.   The effect of the practices complained of above has been to deprive Logan of equal employment opportunities and otherwise adversely affect her status as an employee because of her age.

28.   The unlawful employment practices complained of above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from discharging employees who are forty (40) years of age or older on the basis of their age.

B.     Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for individuals who are forty (40) years of age or older, and which eradicate the effects of its past and present unlawful employment practices.

C.     Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, as well as an equal sum as liquidated damages, or prejudgment interest in lieu thereof, for Defendant's willful conduct toward Logan.

D.     Order Defendant to make Logan, who was adversely affected by the unlawful employment practices described above, whole by providing the affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and/or front pay.

E.     Grant such further relief as the Court deems necessary and proper in the public interest.

F.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 13th day of January, 2021.

Respectfully submitted:

**U.S. EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION**

SHARON FAST GUSTAFSON
General Counsel
131 M Street, NE
Washington, DC 20507

ROBERT A. CANINO
Acting Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

MELINDA C. DUGAS
Regional Attorney
Charlotte District Office

KARA GIBBON HADEN
Supervisory Trial Attorney
Charlotte District Office

_s/ **Rachael S. Steenbergh-Tideswell**_
RACHAEL S. STEENBERGH-TIDESWELL
South Carolina Federal Bar No. 10867
Senior Trial Attorney
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone: (980) 296-1274
Facsimile: (704) 954-6412
Email: rachael.steenbergh@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**