IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| U.S. Equal Employment Opportunity Commission, | ) ) ) | C.A. No. 4:21-cv-0139-JD |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | **ORDER** |
| Surfside Realty Co., Inc., | ) ) ) | |
| Defendant. | ) ) ) | |

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1]  (DE 59.)  Plaintiff U.S. Equal Employment Opportunity Commission ("Plaintiff" or "EEOC") brings this action on behalf of Defendant Surfside Realty Co., Inc.'s ("Defendant") former employee, Donna Logan, who alleges Defendant discriminated against her because of her age in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, et seq. (DE 1.)

On March 11, 2022, Defendant filed a Motion for Summary Judgment seeking to dismiss Plaintiff's sole claim for age discrimination because "Plaintiff cannot prove that [her] employment

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

ended because of her age and, but for her age she would have continued to remain employed." [2] (DE 35-1, p. 17.)  Plaintiff filed a response (DE 45), and Defendant replied (DE 47).  On January 27, 2023, the Magistrate Judge issued the Report, recommending this Court grant Defendant's Motion for Summary Judgment (DE 35), thereby dismissing this case.  (DE 59.)  The Report found, among other things, that "Plaintiff has failed to present sufficient evidence to show that Logan was meeting Defendant's legitimate expectations at the time of her termination. . . [and] fails to present sufficient evidence to show a prima facie case of age discrimination[, and] . . .even if she has, Defendant has produced a legitimate, non-discriminatory reason for the decision to terminate Logan's employment." (DE 59, p. 15.)  Accordingly, for the reasons stated below, the Court adopts the Report as provided herein.

## BACKGROUND

The Report and Recommendation sets forth the relevant facts and legal standards, which the Court incorporates herein without a complete recitation.  However, as a brief background relating to the objections raised by Plaintiff,[3] the Court provides this summary.

Defendant hired Donna Logan ("Logan") as a Community Manager in 1994.  (DE 45-1.)  As a Community Manager, Ms. Logan provided management services to various Homeowners Associations ("HOA") which were Defendant's clients.  Logan often began her workdays onsite at client properties prior to heading into the office.  (DE 45-1, 45-2.)  When possible, Ms. Logan

---

[2]    Also before the Court is Defendant's Motion to Strike Jury Demand (DE 37), which was filed on March 11, 2022, to which Plaintiff has filed a response (DE 44).  Given the Court's ruling herein, this motion is denied without further discussion herein.

[3]    Defendant also filed an Objection contending "if the Court determines that the Magistrate Judge erred with respect to his recommendation to grant Surfside's Motion for Summary Judgment—which the Court should not do because the Magistrate was correct—Surfside requests a *de novo* determination by the District Court on the alternate basis for granting summary judgment and/or striking Plaintiff's jury demand arising from Donna Logan's complete failure to mitigate her damages." (DE 61, pp. 1-2.) Given the Court's ruling herein, there is no need to address this objection.

headed home between 4:30 p.m. and 4:45 p.m. to beat traffic, and once at home, she often continued working. (DE 45-1.) In 25 years of employment, Ms. Logan was never disciplined for performance issues.

Defendant argues Ms. Logan failed to meet its expectations with respect to charging management fees because she had not raised the fees of the HOAs she serviced for some years. (DE 45, p. 3.) The issue of whether to raise management fees was fully within the community manager's discretion, community managers were never mandated to raise fees (DE 45-4), and Defendant provided no rules, policies or guidelines addressing whether, when, or how much management fees should be raised. (DE 45-3.) Further, community service managers were not privy to financial information to know whether a fee raise was warranted. (Id.) Professional fees were charged for major projects that required more hours from community managers than they usually spent attending to routine HOA client matters. (DE 45-3.) Examples include time spent managing a roof replacement, hurricane damage, major repairs to a building, or time spent in court. (Id.)

Pam Furlong ("Furlong"), the Assistant Community Association Manager responsible for assisting Logan from 2014 through May 17, 2019, testified that Logan played favorites with HOAs and board members. (DE 36-1.) Logan returned calls of those she liked, but ignored those she did not like. (Id.) Generally, Logan and Furlong got along well; however, Furlong fielded calls and complaints when Logan would not respond to inquiries from both board members and residents. (Id.) Furlong became frustrated and stressed out by Logan, and on one occasion, complained to management about how upset she felt about being placed in the middle of these calls, work being dumped on her, and concerns that Logan was forgetful and that, as a result, extra work was put on her. (Id.)

In June 2018, when Ms. Logan was 80 years old, E. J. Mil Servant, III ("Servant"), the Broker in Charge, President, and CEO of Defendant, visited Ms. Logan's office and asked Logan when she planned to retire, to which Logan replied she did not know. (DE 45-1.) Mr. Servant told Logan that the company had a new employee handbook coming out that would contain a mandatory retirement age that was "nowhere near" her age. (Id.) Mr. Servant claims that on an uncertain date around November 2018, he decided to terminate Ms. Logan's employment and claims he even advised her of his intention. (DE 45-6.) Mr. Servant claims Elizabeth Howland ("Howland") recommended the discharge (Id.), but Ms. Howland testified that she never spoke with Servant about discharging Ms. Logan. (DE 45-4.) Ms. Logan is confident she never heard about being discharged until it happened to her on May 1, 2019. (DE 45-1.)

On May 1, 2019, Ms. Logan first heard Defendant was replacing her – with a woman 30 years younger than her. (DE 35, pp. 5-6.) Mr. Servant said he wanted Ms. Logan to train her replacement. (DE 45-6.) Because Ms. Logan agreed to stay and train her replacement, she was given four weeks of severance pay. (Id.) When Defendant discharged Ms. Logan, all other employees in the Community Management division of similar age with Ms. Logan, and younger, had since retired or otherwise left the company. (DE 35, pp. 5-6.) On Ms. Logan's last date of work, Surfside emailed her former clients praising her "stellar" career. (DE 45-2.) There was no indication to Ms. Logan that Defendant was unhappy with her performance until Defendant opposed her eligibility for unemployment benefits. (DE 45-1.) Defendant fired Ms. Logan at 81 years old. She began her job search, for the first time in 25 years, when she applied for unemployment benefits. (Id.)

## DISCUSSION

On January 27, 2023, Plaintiff filed a forty-one-page objection to the Report.[4]  (DE 60.)

However, to be actionable, objections to a report and recommendation must be specific.  Failure

to file specific objections constitutes a waiver of a party's right to further judicial review, including

appellate review, if the recommendation is accepted by the district judge.  See United States v.

Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984).  "The Supreme Court has expressly upheld the

validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report

enables the district judge to focus attention on those issues -- factual and legal -- that are at the

heart of the parties' dispute.'"  Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315

(2005) (citing Thomas v. Arn, 474 U.S. 140 (1985)).  "A general objection to the entirety of the

magistrate judge's report is tantamount to a failure to object."  Tyler v. Wates, 84 F. App'x 289,

290 (4th Cir. 2003).  "Likewise, a mere restatement of the arguments raised in the summary

judgment filings does not constitute an 'objection' for the purposes of district court review."

Nichols v. Colvin, 100 F. Supp. 3d 487 (E.D. Va. 2015).  In the absence of specific objections to

the Report and Recommendation of the magistrate judge, this court is not required to give any

explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir.

1983).

Upon review, the Court finds that Plaintiff has raised the following specific objections:  1)

Servant's threat of a mandatory retirement age combined with his repeated inquiries about

---

[4]     In addition, Plaintiff also filed a twelve-page attachment to the objection containing a "List of
Objections," which categorized the objections as follows:  (1) Ultimate Conclusion of Fact, (2) Retirement
Remarks/Decision Maker Bias, (3) Refusal to Take HOAs, (4) Not Meeting Performance Expectations, (5)
Whether Performance Issues Were Addressed, and (6) Using Surfwatch II As Not Meeting Performance
Expectations, (7) HOA Complaints as Not Meeting Performance Expectations, (8) Schedule – Arriving
Late, Working Through Lunch and Leaving Early, and (9) Lack of Production.  (DE 60-1.)

Plaintiff's retirement plans are sufficient facts to show discriminatory intent to survive summary judgment under the ADEA; 2) Plaintiff has satisfied the "legitimate expectations" prong of the prima facie case, and has provided sufficient evidence to discredit all alleged non-discriminatory motivations for Logan's discharge alleged by Defendant; and 3) the Report relies on inadmissible hearsay to make its recommendation that summary judgment should be granted.[5] (DE 29, pp. 5, 14, 41.)

ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's age." 29 U.S.C. § 623(a)(1). Absent direct or circumstantial evidence that raises a genuine issue of material fact as to whether an impermissible factor motivated an employer's adverse employment action, a plaintiff may proceed under the McDonnell Douglas "pretext" framework to establish a claim of employment discrimination. Buchhagen v. ICF Int'l, Inc., 650 F. App'x 824, 828 (4th Cir. 2016)

---

[5]     Plaintiff raises for the first time that Defendant's Motion for Summary Judgment relied on hearsay to support, among other things, its legitimate, nondiscriminatory reason for its adverse employment action for which the Report relies on to make its recommendation. In fact, Defendant asserts "[i]n [Plaintiff's] memorandum in opposition to summary judgment, the word 'hearsay' appears exactly once, in the fact section relating to Diane Corkum's statements to Elizabeth Howland." (DE 63, p. 14, see also DE 45, p. 5.) Plaintiff devotes 11 pages in her objection to alleged instances of inadmissible evidence. This Court declines to do the same for the extensive new theories presented here and where the Magistrate Judge had no opportunity to provide a Report and Recommendation in any regard on the matter. See Addison v. CMH Homes, Inc., 47 F. Supp. 3d 404, 412 (D.S.C. 2014) ("The Court is also not obligated to consider new arguments raised by a party for the first time in objections to the Magistrate's Report; see, e.g., Doe v. Chao, 306 F.3d 170, 183 (4th Cir.2002) (holding that the district judge has "the sound discretion" to decide whether to allow additional evidence in this situation); see also, Jimenez v. Barnhart, 46 Fed. Appx. 684, 685 (3d Cir.2002) (citing Laborers' Int'l Union of N.A. v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir.1994)) ("because Appellant raised the argument . . . for the first time in her objections to the Magistrate Judge's Report and Recommendations, and not in her opening brief, we deem this argument waived."); Hemingway v. Speights, 3:08-CV-00849-GRA, 2009 U.S. Dist. LEXIS 9680, 09 WL 302319, at *2 (D.S.C. Feb. 6, 2009) (citing Greenhow v. Secretary of Health and Human Servs., 863 F.2d 633, 638 (9th Cir.1988)) ("The Magistrates Act was not intended to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court."). Therefore, this objection is overruled.

(recognizing that the Fourth Circuit applies the <u>McDonnell Douglas</u> burden-shifting framework to ADEA cases).   Under this framework, a plaintiff must first prove a prima facie case of discrimination.  <u>See</u> <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802 (1973).  If the plaintiff succeeds, the burden then shifts to the employer to articulate some legitimate, nondiscriminatory reason for the adverse employment action.  <u>Id.</u>

As to Plaintiff's first objection, Plaintiff takes exception to the Report's reference to Servant's intent to adopt a mandatory retirement age as a "stray remark" because Plaintiff believes this finding disregards the analysis recently utilized by the Fourth Circuit in <u>Cole v. Family Dollar Stores of Md., Inc.</u>, 811 Fed. Appx. 168, 175 (4th Cir. 2020).  (DE 59, p. 17.)  Plaintiff's exception and application of  <u>Cole</u> are misplaced.  First, although the Report refers to the statement as a "stray remark[,]" that reference relates to the fact that it was made five months before the decision to terminate Plaintiff, and no policy was ever adopted.  Even so, the <u>Cole</u> Court did not abrogate a plaintiff's burden to "prove by a preponderance that age was the but-for cause of the challenged employer decision."  <u>Cole</u>, 811 F. App'x at 175.   Rather, the Report simply follows well-established precedent in this Circuit that "an employee cannot prevail on an age discrimination claim by showing that age was one of multiple motives for an employer's decision; the employee must prove that the employer would not have fired her in the absence of age discrimination." <u>Westmoreland v. TWC Admin. LLC</u>, 924 F.3d 718, 725 (4th Cir. 2019).   In short, "ADEA plaintiffs face a high causation burden." <u>Arthur v. Pet Dairy</u>, 593 F. App'x 211, 219 (4th Cir. 2015).  At best, Servant's comment is one of multiple motives for his decision; and therefore, Plaintiff's objection is overruled.

As to Plaintiff's second objection, in response to Defendant's arguments, the Report found that Plaintiff cannot establish a prima facie case of age discrimination because Plaintiff cannot

establish that Logan was performing in accordance with Defendant's legitimate expectations at the time of her termination. On the other hand, Plaintiff contends, "the Report seems to hold Plaintiff to a higher standard than what is required, that Plaintiff anticipate and refute Defendant's various alleged criticisms of Logan's work." (DE 60, p. 16.) To the contrary,

> a plaintiff *must* show by a preponderance of the evidence that he met the employer's legitimate job expectations to prove his prima facie case, the employer may counter with evidence defining the expectations as well as evidence that the employee was not meeting those expectations. To require otherwise would turn the plaintiff's burden at the prima facie stage *into a mere burden of production*, making it 'difficult to imagine a case where an employee could not satisfy the 'qualified' [or legitimate expectation] element . . . .

Warch v. Ohio Cas. Ins. Co., 435 F.3d 510, 515-16 (4th Cir. 2006) (emphasis added). Be that as it may, Plaintiff argues, "[t]he Report errs in inferring that Defendant expected community managers to bring in new business and by faulting Donna Logan for bringing in only one HOA in five and a half years" and that Logan was unwilling to take on new HOA's. (DE 60, p. 17.) In addition, Logan disagrees with, among other reasons, the Report's characterization that she was unwilling to take on new HOAs, whether Logan adequately returned phone calls, and that she was counseled on performance issues prior to the termination of her employment. (DE 60-1, pp. 5-7.)

Nevertheless, in determining whether an employee has met an employer's legitimate job expectations, it is the employer's perception that is relevant, not the employee's self-assessment. King v. Rumsfeld, 328 F.3d 145, 149 (4th Cir. 2003); see also Morrall v. Gates, 370 F. Appx. 396, 398 (4th Cir. 2010) (citing King, 328 F.3d at 149) ("Whether an employee is performing at a level that meets legitimate expectations is based on the employer's perception, and [the employee's] own, unsubstantiated assertions to the contrary are insufficient to stave off summary judgment."). In Warch v. Ohio Cas. Ins. Co., the Fourth Circuit held that when evaluating this prong of the prima facie case, a court may consider prior evidence of unsatisfactory job performance, "especially where there is no one 'event' that 'sparked the termination,' but instead a long string

of performance problems leading up to firing." 435 F.3d at 516. Here, the uncontroverted evidence in the record is that Logan brought in one new HOA over a five-year period and that Defendant held the perception that Logan was unwilling to accept new HOA's and was, therefore, never given any new ones.

Defendant also notes that leading up to the time of her termination, Logan was coming in to work late and leaving early, although Defendant acknowledges that Logan was never counseled about the hours she worked. Defendant also undermines Plaintiff's claim that Defendant was accessible anytime via Logan's assistant's testimony that Logan had favorites and did not respond to all calls equally. Defendant further notes, and Logan does not dispute, four complaints from clients regarding Logan's failure to return calls or emails, which lead to additional stress on Logan's assistant. In addition, Logan's failure to respond to Smith, the president of Surfwatch II, led to Plaintiff's removal as Community Manager for that property. The record also reflects that Servant reminded Plaintiff in 2013 of the need for her to charge appropriate professional fees and to increase her management fees. She was again reminded of this need in 2015, and Servant informed Logan that she would not receive any additional raises until she demonstrated improvement with respect to these issues. Thereafter, Logan did not receive any raises after the 2015 conversation with Servant because she made no increases in management fees. Logan acknowledged that she did not raise management fees for ten years, although Plaintiff attributes this point to the fact that her HOAs already paid much higher management fees per "door" than HOAs managed by other Community Managers. (DE 36-3.)

In this context, Defendant contends there was not one individual incident that led to Defendant replacing Logan, but rather a culmination of issues that evidenced Logan's apathy towards her position and her duties. Defendant's expectations—including good customer service,

returning phone calls and emails, effective management of an assistant, and seeking an increase in fees—appear legitimate. Nevertheless, Plaintiff attempts a painstaking review of each reason to show how she met Defendant's legitimate expectations. Plaintiff has nonetheless failed to present sufficient evidence to show that Logan was meeting Defendant's legitimate expectations at the time of her termination. "Whether an employee is performing at a level that meets legitimate expectations is based on the employer's perception, and [the employee's] own, unsubstantiated assertions to the contrary are insufficient to stave off summary judgment." King, 328 F.3d at 149. While the Court notes Plaintiff's extensive objection to the Report and the multiple attempts she has made to cast doubt on Defendant's reasons for the termination of Plaintiff's employment, under the McDonnell Douglas framework, Plaintiff has not met her burden to show a prima facie case of age discrimination; therefore, the Court overrules the Plaintiff's objection.

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 59) as modified herein and incorporates it by reference.

It is, therefore, **ORDERED** that Defendant's Motion for Summary Judgment (DE 35) is granted and Plaintiff's case is dismissed.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
March 30, 2023